# UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

No. 95-30506
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

REGINALD LASTRAPES,

Defendant-Appellant.

Appeal from the United States District Court
For the Western District of Louisiana
(94-CR-20057)

December 1, 1995

Before POLITZ, Chief Judge, JOLLY and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Reginald Lastrapes appeals the sentence imposed for distribution of crack cocaine.

Concluding that the district court failed to give adequate consideration to U.S.S.G. § 5G1.3

in imposing Lastrapes' sentence, we VACATE and REMAND for resentencing.

## BACKGROUND

Lastrapes pled guilty to the intentional distribution of cocaine base, or "crack," in

violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). The district court found him to be a career

---

[*]Local rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

offender and sentenced him to a term of 188 months of imprisonment to be followed by 5 years supervised release. The court ordered that this federal sentence should be served consecutive to undischarged state sentences for which Lastrapes currently is incarcerated. Lastrapes timely appeals.

## ANALYSIS

Lastrapes first challenges the district court's ruling that his two prior felony convictions were unrelated and therefore may be treated separately in determining his career offender status under U.S.S.G. § 4B1.1.[1] We review that determination *de novo*.[2]

Lastrapes' prior convictions arose out of two separate arrests for two separate incidents of cocaine distribution.[3] Although Lastrapes received concurrent sentences for these offenses which were imposed on the same day by the same state trial judge, we do not presume these prior convictions to be "related" merely because the resulting sentences run concurrently.[4] Nor are we persuaded by Lastrapes' unsubstantiated supposition that the state judge "felt that the charges were related."[5] In the absence of an evidentiary showing of a "close factual relationship" or a formal legal connection between the two prior convictions,

---

[1] To qualify as a career offender a defendant must be at least 18 years of age at the time of the federal offense, which must be either a crime of violence or a drug offense, and the defendant must have at least two *unrelated* prior felony convictions for such offenses. U.S.S.G. §§ 4A1.2(a)(2), 4B1.1; *United States v. Garcia*, 962 F.2d 479 (5th Cir.), *cert. denied*, __ U.S. __, 113 S.Ct. 293, 131 L.Ed.2d 217 (1992).

[2] *United States v. Ford*, 996 F.2d 83 (5th Cir.), *cert. denied*, 114 S.Ct. 704 (1994).

[3] Lastrapes was arrested on April 20, 1990, for distributing cocaine on January 9, 1990, and was arrested the second time on July 21, 1992, for distributing cocaine on March 6, 1992. He pled guilty to both offenses on October 19, 1992.

[4] *Garcia*.

[5] The state judge's decision to impose both sentences on the same day appears to be more a matter of docket management and convenience than a statement regarding the "relationship" of the two convictions.

2

we find no error in the district court's ruling.[6]

Lastrapes also challenges the district court's determination that his federal sentence should be served consecutive to his state sentence. Lastrapes maintains that the district court did not give proper consideration to U.S.S.G. § 5G1.3. That section specifically addresses the circumstance of a federal defendant, like Lastrapes, who is serving an undischarged state sentence at the time of federal sentencing. The record persuades us that the district court was under the impression that it lacked the authority to impose the federal sentence concurrent to Lastrapes' undischarged state sentences. We therefore must conclude that this claim has merit, which requires that we vacate Lastrapes' sentence and remand for resentencing. Upon remand the district court should determine the applicability *vel non* of subsections (a)-(c) of section 5G1.3, making its findings and conclusions a part of the record.[7]

VACATED and REMANDED.

---

[6]*United States v. Bryant*, 991 F.2d 171, 177 (5th Cir. 1993).

[7]*United States v. Hernandez*, 64 F.3d 179 (5th Cir. 1995); *United States v. Torrez*, 40 F.3d 84 (5th Cir. 1994).